# EXHIBIT "A"

**FILED**
**FEBRUARY 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 825**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE BUCKLO**
**MAGISTRATE JUDGE SCHENKIER**

| | |
|---|---|
| MERIT MANAGEMENT GROUP, a Nevada limited partnership, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. _____ |
| PONCA TRIBE OF INDIANS OF OKLAHOMA, a federally recognized Indian tribe, d/b/a BLUE STAR GAMING AND CASINO, | ) ) ) ) **J. N.** |
| Defendant. | ) ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MERIT MANAGEMENT GROUP, a Nevada limited partnership, by and through its attorneys, GARY A. GRASSO and ADAM R. BOWERS of the law firm of GRASSO, BASS & WILLIAMS, P.C. and for its Amended Complaint against the Defendant, PONCA TRIBE OF INDIANS OF OKLAHOMA, a federally recognized Indian tribe, doing business as BLUE STAR GAMING AND CASINO, and in support thereof, states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the Court is based upon diversity of citizenship of the parties, pursuant to 28 U.S.C. §1132(a). The amounts claimed exceed the jurisdictional limit of $75,000 and the controversy concerns citizens of different states, or, in the alternative, a claim against a sovereign nation by virtue of Defendant's status as a federally recognized Indian tribe.

2. Venue is proper in this district because (1) a substantial part of the events or omissions giving rise to the claim occurred in this district and (2) Defendant is a sovereign nation

1

by virtue of Defendant's status as a federally recognized Indian tribe such that venue is proper in any district. 28 U.S.C. §1391. For the purposes of this claim, Defendant waives any sovereign immunity defenses.

## NATURE OF ACTION

3. This is a breach of contract claim seeking repayment pursuant to a Bridge Note executed by Defendant in favor of Plaintiff in the principal amount of $122,500.

## THE PARTIES

4. Plaintiff MERIT MANAGEMENT GROUP (herein "Merit" or Plaintiff), is a Nevada limited partnership with its principal offices located in Burr Ridge, Illinois.

5. PONCA TRIBE OF INDIANS OF OKLAHOMA (herein "Ponca Tribe" or Defendant), is a federally recognized Indian tribe situated within the geographic boundaries of the state of Oklahoma outside Ponca City, Oklahoma. On information and belief, the Ponca Tribe is doing business as BLUE STAR GAMING AND CASINO.

## BREACH OF CONTRACT

6. On January 7, 2005, the Ponca Tribe executed a "Bridge Note" in favor of Merit in the principal amount of $122,500, with interest accruing on the outstanding principal at the rate of 8% per annum. A copy of the Bridge Note contract is attached hereto and made a part hereof as Exhibit "A".

7. Shortly after receiving the loaned funds under the Bridge Note, the Ponca Tribe failed to commence repayment pursuant to the terms of the Bridge Note. Said failure constitutes an event of default pursuant to the Bridge Note.

8. Merit performed all obligations under the Bridge Note contract.

9. The Ponca Tribe breached its contract with Merit by failing to make payments on the principal balance, and failing to otherwise cure, despite demand. A copy of Merit's demand letter is attached hereto and made a part hereof as Exhibit "B".

10. Merit has sustained damages in connection with the Ponca Tribe's breach of contract.

11. Merit is entitled to recovery damages it has sustained, including repayment of the principal balance of $122,500, interest which continues to accrue, plus the expenses related to filing this action and reasonable attorneys' fees.

WHEREFORE, Plaintiff, MERIT MANAGEMENT GROUP, a Nevada limited partnership respectfully requests that this Court (1) enter judgment in its favor and against the Defendant, PONCA TRIBE OF INDIANS OF OKLAHOMA, a federally recognized Indian tribe, (2) order Defendant to pay Plaintiff the amount of $122,500, along with interest, and reasonable attorneys' fees and the costs of this action, and (3) for such other and further relief as this Court deems just and equitable.

Respectfully submitted,
Plaintiff MERIT MANAGEMENT GROUP,
a Nevada limited partnership

By: _____
Adam R. Bowers, Esquire
One of its attorneys

Gary A. Grasso, Esquire (IL ARDC # 3121760)
Adam R. Bowers, Esquire (IL ARDC # 6277163)
GRASSO BASS & WILLIAMS, P.C.
Attorneys for Plaintiff
7020 S. County Line Road, Suite 100
Burr Ridge, IL 60527
(630) 654-4500
(630) 455-4646 Facsimile
e-mail: abowers@grassolaw.com

3

COMPLAINT

# EXHIBIT "A"

FROM :                         FAX NO. :1800 8015336           Jan. 07 2005 04:23PM  P6

p.5

FROM :                         FAX NO. :1800 8015336           Jan. 07 2005 09:37AM  P5

## BRIDGE NOTE

$122,500                                             Ponca City, OK
                                                     January __, 2005

     FOR VALUE RECEIVED, the undersigned, PONCA TRIBE OF INDIANS OF OKLAHOMA, a federally recognized Indian tribe (the "Borrower") hereby promises to pay to the order of MERIT MANAGEMENT GROUP, LLC (the "Lender"), at its office at 320 Waterstone Way, Suite 100, Joliet, IL 60431 or at such other place as the holder hereof may designate, in lawful money of the United States of America, the principal sum of One Hundred Twenty Two Thousand Five Hundred and No/100 Dollars ($122,500), without interest except as provided below.

     Capitalized terms used in this Note and not defined here have the meanings given such terms in the Exclusivity and Dispute Resolution Agreement between the Lender and the Borrower, dated January 4, 2004 (the "Exclusivity Agreement").

     If the Borrower and the Lender enter into the Definitive Agreements and if the indebtedness evidenced by this Note is treated therein as a reimbursable cost of the Project, this Note shall terminate and repayment shall be governed by the Definitive Agreements.

     The occurrence of any of the following shall constitute an "Event of Default" under this Note:

    (a)    The Definitive Agreements are not entered into before the end of the Exclusive Period.

    (b)    A Tribal Abandonment takes place.

    (c)    The Borrower shall: (i) apply for or consent to the appointment of, or the taking of possession by, a receiver, custodian, trustee or liquidator of itself or of all or a substantial part of its property; (ii) admit in writing its inability, or be generally unable to pay its debts as they become due; (iii) make a general assignment for the benefit of creditors; (iv) commence a voluntary case under the federal bankruptcy laws (as now or hereafter in effect); (v) be adjudicated insolvent or be the subject of an order for relief under any chapter of the Bankruptcy Code (11 U.S.C. Section 101, et seq.); (vi) file a petition seeking to take advantage of any other law relating to bankruptcy, insolvency, reorganization, winding up or composition or adjustment of debts; or (vii) acquiesce in, or fail to controvert in a timely manner, any petition filed against it in an involuntary case under such bankruptcy laws.

    (d)    A case or other proceeding shall be commenced, without the application or consent of the Borrower, in any court of competent jurisdiction, seeking the liquidation, reorganization, dissolution, [illegible], [illegible], liquidation or the like of the Borrower or of all or any substantial part of its assets, or any similar action with respect to the Borrower under the federal bankruptcy laws [or any system or bankruptcy] [illegible] or any other laws relating to bankruptcy, insolvency, reorganization, winding up or composition or adjustment of debts, and such case or proceeding shall continue undismissed, or unstayed and in effect, for a period of 90 days, or an order for relief against the Borrower shall be entered in an involuntary case under such bankruptcy laws.

    (e)    The Borrower shall fail to maintain its existence as a federally recognized Indian tribe.

     If an Event of Default shall occur, the holder of this Note, at the holder's option, may declare all sums of principal outstanding hereunder to be immediately due and payable without presentment, demand, notice of nonperformance, notice of protest, protest or notice of dishonor, all of

FROM :                              FAX NO. :1800 8015336            Jan. 07 2005 04:24PM P7

                                                                                              p.6
FROM :                              FAX NO. :1800 8015336            Jan. 07 2005 09:30AM P6

which are expressly waived by Borrower. Interest shall accrue on the unpaid principal amount of this Note from the date of such declaration through the date of payment in full at the rate of 8% per year. Borrower shall pay to the holder immediately upon demand the full amount of all payments, advances, charges, costs and expenses, including reasonable attorneys' fees, expended or incurred by the holder in connection with the enforcement of the holder's rights and/or the collection of any amounts which become due to the holder under this Note, and the prosecution or defense of any action in any way related to this Note, including without limitation, any action for declaratory relief, whether incurred at the trial or appellate level, in an arbitration proceeding or otherwise, and including any of the foregoing incurred in connection with any bankruptcy proceeding (including without limitation, any adversary proceeding, contested matter or motion brought by Lender or any other person) relating to Borrower or any other Tribal Entity.

A claim for payment of this Note shall be treated as a Claim under the Exclusivity Agreement, and the Lender may enforce this Note in the manner contemplated thereby; provided, however, that notwithstanding Section 5(b) of the Exclusivity Agreement, in the event that the Tribe for any reason does not enter into the Definitive Documents, the Tribe's obligation to pay this Note, with interest, may be enforced against any assets and revenues of any Tribal Party that are used in connection with or derived from the Existing Gaming Enterprise as well as such as are derived from the New Gaming Enterprise.

This Note shall be governed by the internal law of the State of Oklahoma (excepting its choice of law rules) and applicable federal law. Except for law of the Borrower that may apply as expressly permitted above, the Borrower shall not invoke or assert, and hereby waives any right that it might otherwise have to invoke or assert, in any arbitration proceeding, any claim that the Borrower's law governs this Note.

IN WITNESS WHEREOF, the undersigned has executed this Note as of the date first written above.

                                            PONCA TRIBE OF INDIANS OF OKLAHOMA

                                            By: _____
                                                Its: Chairman

                                            By: _____
                                                Its: Secretary

M1:11736509.01
1/6/05 2:07 PM

2

COMPLAINT

# EXHIBIT "B"

# GRASSO BASS & WILLIAMS

ATTORNEYS AT LAW
7020 COUNTY LINE ROAD, SUITE 100
BURR RIDGE, IL 60527
Telephone (630) 654-4500
Facsimile (630) 455-4646

GARY A. GRASSO
ggrasso@grassolaw.com

June 11, 2007

**_Via Regular & Certified Mail_**
**_Return Receipt Requested_**
Ponca Tribe of Indians of Oklahoma
20 White Eagle Drive
Ponca City, OK 74601
Attn: Chairman Dan Jones

        Re: Merit Ponca Bridge Note

Dear Chairman Jones:

  We are general counsel to Merit Management Group ("Merit"). Merit loaned the Ponca Tribe of Indians of Oklahoma ("Ponca") $122,500 and holds a <u>Bridge Note</u> for that amount that Ponca Chairman Buffalohead and Secretary Greenwood executed on January 7, 2005. A copy of the executed Ponca <u>Bridge Note</u> is enclosed.

  The Ponca have made no payments of the principal amount to Merit and the referenced <u>Bridge Note</u> is in default.

  PLEASE BE ADVISED that Merit, as holder of the <u>Bridge Note</u>, hereby makes demand for immediate payment from the Ponca of the full principal amount of $122,500 plus all interest calculated at 8%.

  If we do not receive payment by **June 21, 2007**, we will begin collection proceedings pursuant to the terms of the <u>Bridge Note</u>.

              Sincerely,

              Gary A. Grasso

Enclosure
cc: Ponca Tribal Council Members, *Via U.S. Mail*
   Joseph J. Canfora, Merit CEO